# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| WILLIAM REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 09-2073 |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

On September 3, 2010, Judgment was entered in favor of William Reynolds and against Defendant Commissioner of Social Security. The case was remanded to the Commissioner of Social Security pursuant to Sentence 4 of 42 U.S.C. § 405(g). Thereafter, Plaintiff filed his Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (#17). The motion is supported by a memorandum and affidavits. The Commissioner has filed written opposition.

Defendant does not challenge Plaintiff's assertion that she is a prevailing party. Nevertheless, he does argue that Plaintiff is not entitled to an award of attorney fees pursuant to the Equal Access to Justice Act (hereinafter "EAJA") because the position of the Social Security Administration throughout the proceedings was substantially justified.

It is well known that a social security claimant who obtains a remand order from the district court is not automatically entitled to an award of attorney fees merely by virtue of being the prevailing party. Defendant is correct that if it meets its burden of showing that its position was substantially justified, no award of fees would be proper. In his written response to Plaintiff's motion, Defendant correctly states, "The determination of whether the agency's position was substantially justified is basically a question of reasonableness. *See Sullivan v. Hudson*, 490 U.S. 877, 882-84 (1989); *Pierce v. Underwood*, 487 U.S. 552, 563-65 (1988); . . . ."

Here, the Court found that the cumulative effect of errors committed by the Administrative Law Judge (hereinafter "ALJ") called into question the validity of her decision. The Court found that the ALJ misstated the opinion of Dr. Eickmeier. In addition, the Court found the ALJ misinterpreted the definition of sedentary and erroneously dismissed the opinion of Dr. Idusuyu. In addition, the Court found that the ALJ made several errors in analyzing the opinion of Andrea Cardani. The Court was also critical of the ALJ's credibility determination, noting that it contained several errors. This combination of misstating the evidence and misapplying regulations was not reasonable. Accordingly, the position of the Commissioner was not substantially justified and an award of attorney fees is appropriate.

Plaintiff has asked the Court for an award of attorney fees in the amount of $3,781.26, attributable to 22.3 hours of work performed. Defendant challenges 1.6 of the hours. The Court has reviewed the billing records provided. The Court sustains the objection with respect to the .6 hours spent corresponding with the Appeals Council in December 2008. Accordingly, the free award will be reduced by the sum of $100.43. The Court overrules the objection as to the 1 hour related to the March 10, 2009, entry bearing the description, "Research requirements of Petition and service requirements."

For the reasons stated above, the Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) **(#17)** is **GRANTED**. Attorney fees are awarded in the amount of $3,680.83.

ENTER this 12th day of April, 2011.

                                                        s/ DAVID G. BERNTHAL
                                                        U.S. MAGISTRATE JUDGE